MARY BRENNAN *v.* TOWN OF FAIRFIELD
(SC 16342)

Borden, Norcott, Palmer, Sullivan and Vertefeuille, Js.*

---

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

694

Argued December 1, 2000—officially released April 17, 2001

*Brenden P. Leydon,* with whom, on the brief, was *Francis J. Ficarra,* for the appellant (plaintiff).

*Charles W. Fleischmann,* for the appellee (defendant).

*Opinion*

BORDEN, J. The principal issue in this certified appeal is whether notice is timely when it is received

by a town official on the ninety-second day, under a ninety day notice statute, when the municipal office that is authorized to receive the notice is closed on the ninetieth and ninety-first days. Following our grant of certification,[1] the plaintiff, Mary Brennan, appeals from the judgment of the Appellate Court affirming the judgment of the trial court granting the motion to dismiss filed by the defendant, the town of Fairfield. The plaintiff claims that: (1) notice that is received on the ninety-second day under a ninety day notice statute is sufficient when the municipal office that is authorized to receive the notice is closed on the ninetieth and ninety-first days, a Saturday and Sunday; and (2) notice given to a town clerk pursuant to General Statutes § 13a-149 is not invalid because of a misnomer of the name of the town clerk. We agree. Accordingly, we reverse the judgment of the Appellate Court.

The plaintiff brought the underlying complaint against the defendant pursuant to § 13a-149,[2] the munic-

[1] This court granted the plaintiff's petition for certification to appeal, limited to the following issues:

"1. Is notice that is received on the ninety-second day under a ninety day notice statute sufficient when the municipal office to which the notice must be sent is closed on the ninetieth and ninety-first days (a Saturday and a Sunday)?

"2. Is notice received by a town clerk invalid when the sending party misnames the individual who is the town clerk?" *Brennan* v. *Fairfield*, 254 Conn. 903, 755 A.2d 217 (2000).

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing

ipal defective highway statute. The defendant moved to dismiss the complaint, claiming that the trial court lacked subject matter jurisdiction over the plaintiff's claim because she did not provide the statutory notice required by § 13a-149 within ninety days of the alleged occurrence. The trial court granted the motion and rendered judgment accordingly. The plaintiff appealed from the trial court's judgment to the Appellate Court, which affirmed the judgment. *Brennan* v. *Fairfield*, 58 Conn. App. 191, 753 A.2d 396 (2000). The Appellate Court determined that, because the plaintiff had addressed the notice to a person who was not the town clerk, she did not provide notice pursuant to § 13a-149, and therefore the trial court properly had dismissed the case. Id., 203. This appeal followed.

The Appellate Court opinion provides the following facts and procedural history relevant to this certified appeal. "The plaintiff returned her complaint against the town on December 29, 1995. The complaint alleged that the plaintiff suffered injuries and damages as a result of a fall on a defective sidewalk under the control of the town. The complaint is in one count, raising a highway defect claim pursuant to § 13a-149. The operative pleading, however, is an amended complaint dated November 6, 1996, in which the plaintiff alleged that her injury occurred on December 19, 1993, and that notice of the incident was duly given to the defendant on March 16, 1994. The town notes that the amended complaint did not allege that notice was given to a selectman or to the town clerk.

"The town moved to dismiss the plaintiff's complaint, asserting that the court lacked subject matter jurisdiction because notice was not given to a selectman or to

---

the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

the town clerk within ninety days of the alleged incident, as required by § 13a-149. In an affidavit in support of the town's motion to dismiss, the town clerk, Marguerite H. Toth, attested that a letter regarding the plaintiff's potential claim was received in the town clerk's office on March 21, 1994. The letter was addressed to Madeleine E. Costa, town clerk. According to Toth, Costa was not the town clerk and she was not a person known to Toth. The same letter also was addressed to the town's department of public works.

"The plaintiff objected to the motion to dismiss, arguing that because the clerk's office was closed on Saturday, March 19, 1994, and Sunday, March 20, 1994, it was not possible to give notice until March 21, 1994. In addition, the plaintiff contends that she mailed notice to the town on March 16, 1994, and thus, even if notice was received two days late, it should be considered timely because she mailed the notice before the ninety days expired.

"The [trial] court granted the town's motion to dismiss for lack of subject matter jurisdiction because the statutory notice required by § 13a-149 was not received within ninety days of the alleged occurrence." Id., 193–94.

### I

The plaintiff first claims that a notice of claim pursuant to § 13a-149 is timely filed on the ninety-second day from the date of the occurrence under a ninety day notice statute when the municipal office that is authorized to receive the notice, namely, the town clerk's office, was closed on the ninetieth and ninety-first days, a Saturday and Sunday. The defendant claims, to the contrary, that notice pursuant to § 13a-149 must be received by a proper official within ninety days of the occurrence. The defendant contends that notice received after the ninetieth day is not sufficient because

the statute does not require the plaintiff to file notice of her claim with the town clerk's *office*, as opposed to the town clerk herself, and, therefore, it is irrelevant whether the terminal day to give notice falls on a day when the town clerk's office was closed. We agree with the plaintiff.

Section 13a-149 provides in relevant part that "[n]o action for any such injury shall be maintained against any town . . . unless written notice of such injury . . . shall, within ninety days thereafter be given to a selectman or the clerk of such town . . . ." We conclude that the statute prescribes that the plaintiff must be afforded at least ninety days to file her notice pursuant to § 13a-149, and that, when the town clerk's office was closed on the ninetieth day, notice given on the first day that the town clerk's office was open following the ninetieth day was sufficient to comply with the statute.

At common law, when the terminal day for filing legal papers fell on a holiday or Sunday, the plaintiff was able to make performance on the following day. See *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.*, 91 Conn. 383, 385, 99 A. 1040 (1917) ("[w]hen the last day of the . . . period [to file an appeal] falls upon a holiday, a notice filed on the following day is seasonably filed"); *Sommers* v. *Adelman*, 90 Conn. 713, 714, 99 A. 50 (1916) ("where the last day of a period within which an act may be done, which may not be done Sunday, falls upon such day, performance may be made on the following day").

In *Lamberti* v. *Stamford*, 131 Conn. 396, 40 A.2d 190 (1944), this court addressed the issue of filing notice under the precursor to § 13a-149, namely, General Statutes (1930 Rev.) § 1420.[3] The plaintiff in *Lamberti* was

---

[3] General Statutes (1930 Rev.) § 1420 provided: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the

injured on December 15, and under the statute he had until December 25, to give notice of his injuries. *Lamberti* v. *Stamford*, supra, 398. The plaintiff filed notice on December 26, and the defendant filed a demurrer[4] claiming that the plaintiff's notice was not timely. Id., 397. The trial court sustained the defendant's demurrer. Id. On appeal, this court held that the fact that December 25, was a legal holiday, served to extend until the succeeding day the time within which the plaintiff had to file. Id., 401.

This court determined that whether the act may be performed on the day succeeding the holiday was a matter of statutory construction. Id., 400. The court was faced with the issue of interpreting the effect of two statutes: (1) General Statutes (1930 Rev.) § 1420, the municipal defective highway statute; and (2) General Statutes (1930 Rev.) § 6565, which designated certain days as legal holidays. This court stated: "We do not have here a situation where the giving of the notice requires action only by the person injured or someone in his behalf. The giving of that notice involves a duty to receive it on the part of the proper municipal official.

same, and of the cause thereof and of the time and place of its occurrence shall, within sixty days thereafter, or, if such defect shall consist of snow or ice or both, within ten days thereafter, be given to a selectman of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation, unless the action shall be commenced by complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice; and, when the injury shall have been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[4] " 'The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice.' " *Danko* v. *Redway Enterprises, Inc.*, 254 Conn. 369, 375 n.7, 757 A.2d 1064 (2000).

Certainly when the legislature declares a day to be a holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties on that day . . . ." *Lamberti* v. *Stamford*, supra, 131 Conn. 400.

We see no meaningful distinction between, on one hand, municipal offices that routinely are closed on weekends, and, on the other hand, such offices that are required to be closed on legal holidays, so as to necessitate a different outcome in the present case. Filing notice under § 13a-149, like filing notice under General Statutes (1930 Rev.) § 1420, does not involve just one party. The designated town official must be available to receive the notice. When municipal offices are closed on weekends, public officers are freed from "the obligation of keeping open their offices or attending to their duties," just as they are freed from these obligations on official holidays. *Lamberti* v. *Stamford*, supra, 131 Conn. 400. To conclude otherwise would mean that, if the terminal date for filing notice pursuant to § 13a-149 fell on a Saturday or Sunday, then either the town clerk's office would have to be open on those days in order to receive the notice, or the designated official would have to be otherwise available to receive the notice delivered on the ninetieth day. We do not think that the legislature intended these consequences in order for a claimant to satisfy the notice filing requirements of § 13a-149.

We note, moreover, that permitting filings past certain deadlines is an accepted practice in our courts. For example, Practice Book § 7-17 provides in relevant part: "If the last day for filing any matter in the clerk's office falls on a day on which such office is not open . . . then the last day for filing shall be the next business day upon which such office is open." In other situations, statutes directly provide for extensions of time for making certain filings when the terminal day

falls on a weekend or holiday. See, e.g., General Statutes § 9-333j (d) (timely filing of campaign financing statements by campaign treasurers); General Statutes § 10-153f (c) (6) (timely filing of documents for mediation and arbitration of teacher disagreements); General Statutes § 12-169 (timely payment of local taxes due on Saturday, Sunday or legal holiday); General Statutes § 30-48 (e) (timely payment within period of credit under liquor control act). Although § 13a-149 does not explicitly provide for an extension of time when the terminal day falls on a Saturday or Sunday, we conclude that its notice provision should be read in light of the statute's overall purpose to provide claimants with the opportunity to recover for injuries that resulted from a defective highway.

In this regard, we read § 13a-149 to require a claimant to have a full ninety days to file notice. As the court in *Lamberti* stated: "Practically, where the last day of the period falls on a holiday, not to permit the notice to be filed on the succeeding day would be to cut down the time permitted for giving the notice from ten to nine days, or, if the holiday followed a Sunday, to eight days. We cannot believe that the legislature had such an intention." *Lamberti* v. *Stamford*, supra, 131 Conn. 400; see also *Evergreen Cooperative, Inc.* v. *Michel*, 36 Conn. Sup. 541, 543–44, 418 A.2d 99 (1980) ("It is impossible to file an appeal on the fifth day if the clerk's office is closed. Nothing in the language of the . . . statute suggests that in such circumstances the time within which the appeal is to be taken is limited to four days.").

Similarly, we do not believe that the legislature intended for claimants to have fewer than the prescribed ninety days available to them pursuant to § 13a-149 simply because the terminal day coincides with a day when the municipal office is closed. As we repeatedly have stated, § 13a-149 is the exclusive remedy

against a municipality for damages resulting from a defective road. *Pratt* v. *Old Saybrook*, 225 Conn. 177, 180, 621 A.2d 1322 (1993); *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 192, 592 A.2d 912 (1991). We decline to interpret § 13a-149 as shortening the legislatively prescribed time period within which the plaintiff must notify the town, when the ninetieth day falls on a day when the town clerk's office is closed, when to do so would deny the plaintiff any remedy and leave her without recourse for what may be an otherwise meritorious claim.

We recognize, as the defendant suggests,[5] that the statute does not explicitly require that the notice be filed in the *office* of the town clerk. Thus, the defendant contends, because the plaintiff could have delivered the notice to the town clerk or a selectman at their homes or wherever they could be found on the ninetieth day, the closing of the office on the weekend was irrelevant and cannot cure the plaintiff's lateness. We are not persuaded.

Section 13a-149 provides in relevant part that "[n]o action for any such injury shall be maintained . . . unless written notice of such injury . . . shall, within ninety days thereafter *be given to a selectman or the clerk of such town* . . . ." (Emphasis added.) Pursuant to § 13a-149, notice can "be given to" a selectman or the town clerk. The phrase "be given to" is susceptible of different interpretations. For example, the plaintiff contends that this phrase means that she had at least ninety days to deliver notice to the town clerk's office,

---

[5] The defendant, pursuant to Practice Book § 84-11 (a) and (c), presented the following alternate ground upon which the judgment may be affirmed: "Since the town clerk is not the exclusive person to whom notice may be given pursuant to [General Statutes] § 13a-149 and timely notice could have been given to one of the selectmen, the judgment in this case should be affirmed regardless of whether or not the town clerk's office in Fairfield was closed on a Saturday, which in this case was the last day for giving notice."

while the defendant argues that this phrase means that the plaintiff personally could have delivered or mailed notice to the town clerk or a town selectman, presumably at his or her private residence, within ninety days of her injuries.

We think, however, that the most sensible interpretation of this phrase in the context of the statute affords a claimant ninety days to deliver notice to the town clerk's office, which, in turn, must be open to receive the notice. Although a claimant may have the option of personally delivering the notice to the town clerk or a town selectman, we do not read the statute to imply that the normal course of delivering a legally required notice to a municipal official, namely, to the municipal office of that official, is supplanted by this language. Instead, even if we were to assume that the legislature intended to permit an unconventional method of delivery, such as delivery to a town clerk or a selectman at home, we do not read this language to supplant the plaintiff's opportunity to have a full ninety days within which to deliver notice at the town hall.

We are unpersuaded by the defendant's arguments to the contrary. The defendant, relying on *Norwich Land Co.* v. *Public Utilities Commission*, 170 Conn. 1, 363 A.2d 1386 (1975), argues that *Lamberti* has been limited to its facts, and that its reasoning should not be extended in the present case. In *Norwich Land Co.*, the plaintiff filed an administrative appeal from the granting of an application to construct a television antenna tower. Id., 2. The trial court determined that the appeal had not been taken within thirty days after the filing of the commission's order, pursuant to General Statutes (Rev. to 1972) § 16-35, because the last day of the appeal period fell on a Saturday, and the plaintiff had served process on the defendant on the following Monday. *Norwich Land Co.* v. *Public Utilities Commission*, supra, 3. We affirmed the judgment of

the trial court denying the administrative appeal. Id., 7. We stated: "The reliance of the plaintiff upon the case of *Lamberti* v. *Stamford,* supra [131 Conn. 396] . . . is misplaced. Even if we assume that this statute were applicable, Saturday, the last day of the appeal period, was not a holiday." *Norwich Land Co.* v. *Public Utilities Commission,* supra, 5.

For the reasons we have articulated, however, regarding the rationale behind allowing a claimant to have at least the number of days prescribed by statute, as well as the fact that if notice is due, there must be someone present to accept the notice, we are unpersuaded that our interpretation of *Lamberti* is an improper extension of that case. *Norwich Land Co.,* moreover, is distinguishable on other grounds. First, that case was an appeal from an administrative agency decision, and not a defective highway claim. Moreover, that case dealt with service of process, as opposed to providing notice to a municipal official.

The defendant also argues that, because § 13a-149 is in derogation of the common-law governmental immunity afforded municipalities with respect to liability for defective highways, it should be construed strictly so as not to expand the defendant's liability. Although we agree with the defendant that liability for injuries resulting from a defective highway under § 13a-149 is found strictly in the statute; *Sanzone* v. *Board of Police Commissioners,* supra, 219 Conn. 192; we do not believe that allowing the plaintiff to maintain her action by filing her notice on the ninety-second day, when the municipal office was not open to receive her notice on the ninetieth or ninety-first days, impermissibly broadens the defendant's liability. The purpose of the statute is not only to protect the municipality, but also to provide parties who are injured the means to recover from the municipality, because by its very nature § 13a-149 abrogates governmental immunity.

We also are unpersuaded by the defendant's argument that, because the legislature has not amended § 13a-149 to allow for late filings, the plaintiff must deliver notice within ninety days, irrespective of whether the municipal office was open on the ninetieth day. The defendant argues that the legislature has amended § 13a-149 several times to accommodate changing circumstances,[6] and that had it intended for claimants to be able to file notice after ninety days, it explicitly could have done so. This argument rests on the premise, however, that prior to this course of legislative amendments, there was a definitive judicial ruling requiring delivery of the notice before the ninetieth day, when that day fell on a weekend. That premise lacks foundation because there was no such ruling. We cannot infer from the legislative silence, therefore, the definitive interpretation suggested by the defendant.

In this connection, the defendant relies on *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 235, 56 A.2d 519 (1947). In *Rapid Motor Lines, Inc.*, a state defective highway case, the plaintiff brought an action under General Statutes (1930 Rev.) § 1481 for damages to his truck. Id., 236. The plaintiff had sixty days to give notice to the commissioner. Id., 237. The last day for the plaintiff to give notice was Friday, May 26, 1944. Id. The plaintiff claimed that because he had mailed his notice on May 26, the sixtieth day, which the defendant did not receive until Saturday, May 27, 1944, he had satisfied the requirements of the statute. Id. This court disagreed. We concluded that the statute required "that the notice

---

[6] See, e.g., Public Acts 1959, No. 372 (extended time for giving notice of injury due to snow and ice from ten to thirty days); Public Acts 1976, No. 76-222, § 2 (changed deadline for notice from sixty to ninety days and deleted special provision for injuries caused by ice or snow); Public Acts 1982, No. 82-5 (required actions for injuries sustained on or after October 1, 1982, to be brought within two years of injury); Public Acts 1986, No. 86-338, § 14 (mere filing of cause of action within ninety day period for giving notice no longer sufficient to fulfill statutory requirement of notice).

shall be delivered to the commissioner within the sixty-day period specified in the statute, and that sending on the sixtieth day a notice which is not received by him until the sixty-first day does not constitute compliance with the statute." Id., 238.

*Rapid Motor Lines, Inc.*, is both consistent with and distinguishable from our conclusion in the present case. It is consistent with the present case because it reaffirms that the delivery of notice requires a completed act, including receipt by the deliveree. It is distinguishable because it dealt not with delivery of notice on a weekend day, which was the sixtieth day, but with mailing of the notice on the sixtieth day, when the municipal office was open and on which, therefore, delivery could have been made.

## II

The plaintiff next claims that the Appellate Court improperly determined that because the plaintiff identified the wrong person as the town clerk in her notice to the town, she failed to give notice pursuant to § 13a-149. According to the Appellate Court, "[t]he plaintiff mailed a letter purporting to give notice to the town clerk to a person by the name of Costa, who was not the town clerk . . . . Because the plaintiff did not give notice within ninety days of her alleged injury to the town clerk or a selectman as required by § 13a-149, the court properly dismissed the case." *Brennan* v. *Fairfield*, supra, 58 Conn. App. 203.

The defendant does not defend the Appellate Court's reasoning. Indeed, the defendant explicitly concludes that the notice, which was in fact received by the town clerk, was not invalid for that reason.[7] We agree with

[7] In fact, the defendant points out that it never raised such a claim of impropriety in the Appellate Court.

both the plaintiff and the defendant that the misnomer did not fatally flaw the notice.

"When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant. This is in contradistinction to the case in which the plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party." *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 350, 636 A.2d 808 (1994); see also *Pack* v. *Burns*, 212 Conn. 381, 384, 562 A.2d 24 (1989). "Whether the plaintiff has misconstrued the identity of his or her intended defendant or merely the intended defendant's legal name or nature is a question that may be answered only after all the circumstances have been examined." *Lussier* v. *Dept. of Transportation*, supra, 351.

In the present case, the plaintiff delivered the notice to a proper official, namely, the town clerk, pursuant to § 13a-149. The fact that the notice was addressed to Costa, an individual who was not the town clerk, was simply a misnomer that was inaccurate but was sufficient for identification purposes. The statute does not require the plaintiff to include the name of the town clerk or selectman in her notice. Rather, it requires that a written description of the accident, its causes, and when and where it occurred be directed to and received by a proper official. It is not disputed that the plaintiff included all of the statutorily required information in her notice. Furthermore, according to the affidavit of Toth, the town clerk's office did in fact receive the notice.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to

reverse the judgment of the trial court, and to remand the case to that court for further proceedings according to law.

In this opinion the other justices concurred.