[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO SUBSTITUTE
 I. INTRODUCTION AND FACTUAL BACKGROUND
In September of 1994, in a prior action, the plaintiff, BKM Floorcovering, Inc., of Connecticut (BKM), obtained a garnishment order against Healthcon, Inc. (Healthcon) in the amount of $140,000. As of December 16, 1994, the defendant, Orlando Annulli Sons, Inc. (OAS), represented that it owed Healthcon $87,184.46. On March 4, 1997, this court rendered judgment against Healthcon in the amount of $109,265.23, after which BKM served an order of execution on OAS on June 27, 1997, to collect the $87,184.46. OAS refused to pay. On December 16, 1997, BKM instituted the present action against OAS, seeking to recover the money. The complaint brought four counts, alleging scire facias (count one),[1]
misrepresentation (count two), conversion (count three) and civil theft (count four).
The defendant now moves to dismiss because the plaintiff brought this action under one of its former names. On May 18, 1990, BKM Floorcovering, Inc., of Connecticut, merged with a Massachusetts corporation, BKM Associates-Boston, Inc. The Massachusetts corporation survived the merger and changed its name to BKM Floorcovering, Inc. Then, on December 29, 1995, BKM Floorcovering, Inc., of Massachusetts, merged with BKM Enterprises, Inc., of Connecticut. BKM Enterprises, Inc., of Connecticut, survived the merger and retained its name. When the plaintiff brought the present action in 1997, it was already BKM Enterprises, Inc., a Connecticut corporation. The plaintiff, however, incorrectly brought the action under the name BKM Floorcovering, Inc., a Connecticut corporation.
The defendant filed a motion to dismiss on February 6, 2001, claiming that the court lacks subject matter jurisdiction because BKM Floorcovering, Inc., of Connecticut, is not a legal entity and therefore cannot institute a legal action. In response, the plaintiff timely filed both an objection to the motion to dismiss and a motion to substitute CT Page 6663 plaintiff, seeking to substitute BKM Enterprises, Inc., in place of BKM Floorcovering, Inc., as the plaintiff.
 II. DISCUSSION
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787,712 A.2d 396 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v.Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
The first issue the court must address is whether the plaintiffs incorrect designation of its own name deprives the court of subject matter jurisdiction. At first glance, it would seem that the plaintiffs error implicates the court's subject matter jurisdiction. If that is so, then the court may not consider the motion to substitute before reaching the question of jurisdiction — but the plaintiffs motion to substitute is intended to cure any defect in the subject matter jurisdiction of the court. This initial perception of the problem, though, is based on the incorrect perception of both parties that the applicable statute is General Statutes § 52-109. Because this case is instead governed by General Statutes § 52-123, the court's subject matter jurisdiction is not implicated by the plaintiffs error and the court may consider the plaintiffs proposed substitution.
Both §§ 52-109 and 52-123 are remedial statutes which allow the plaintiff to correct an error in naming the parties to an action. "Remedial statutes . . . were intended to soften the otherwise harsh consequences of strict construction under the common law: Over-technical formal requirements have ever been a problem of the common law, leading [legislative bodies] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." (Internal quotation marks omitted.) Andover Ltd.Partnership I v. Board of Tax Review, 232 Conn. 392, 399-400, CT Page 6664655 A.2d 759 (1995), citing to 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 35, p. 137. As remedial statutes, both §§52-109 and 52-123 must be "construed liberally in favor of those whom the law is intended to protect." Solomon v. Gilmore, 248 Conn. 769,774-75, 731 A.2d 280 (1999).
General Statutes § 52-109 provides that "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff.[2] This statute allows the court to substitute one person or entity, the real party in interest, in place of another person or entity, who commenced the action through mistake. The plain language of the statute suggests that what is contemplated is that an entirely different person or entity will be able to enter the action as a plaintiff through the application of this statute. First, the statute provides for the actual substitution of one party for another, not the mere correction of a party's name. Second, the statute applies only when an action has been commenced in thename of the wrong person as plaintiff. The statute does not say that it applies when the plaintiff merely describes its own name inaccurately. Instead, it contemplates a situation where the entirely wrong person institutes a cause of action.
A good example of a situation where § 52-109 applies is when a person or entity institutes a cause of action, but has already assigned its interest in the subject matter of the litigation to another. For instance, in Federal Deposit Ins. Corp. v. Retirement Management Group,Inc., 31 Conn. App. 80, 623 A.2d 517, cert. denied, 226 Conn. 908,625 A.2d 1378 (1993), the Federal Deposit Insurance Company (FDIC) had been substituted for the original plaintiff in the action, the Connecticut Bank and Trust Company (CBT), because FDIC was CBT's receiver. FDIC, however, had transferred nearly all of CBT's assets to the New Connecticut Bank and Trust Company, N.A. (New CBT) on the same day that FDIC was named as CBT's receiver. Subsequently, FDIC secured a judgment of strict foreclosure against the defendants. At that time, the real party in interest was New CBT. The Appellate Court held that § 52-109
permitted the trial court to allow the substitution of New CBT in place of FDIC as the plaintiff. Id., 84-85.
It is difficult to imagine a situation in which § 52-109 applies where the court's subject matter jurisdiction is not implicated. "Proof that an action was commenced in the name of the wrong-person would seem inexorably to establish that the original plaintiff has no standing to prosecute the action." DiLieto v. County Obstetrics Gynecology Group,P.C., Superior Court, judicial district of Waterbury at Waterbury, Docket CT Page 6665 No. 150435 (January 27, 2000, Sheldon, J.). This dilemma is exacerbated when the plaintiffs error results in the naming of a party that does not even exist.
For example, a number of Superior Court cases involve situations where a person wishing to bring suit on behalf of a decedent's estate names the estate itself as the plaintiff instead of naming the administrator or executor. See, e.g., Palmieri v. Relende, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341312 (June 27, 1997,Maiocco, J.) (19 Conn.L.Rptr. 682); Estate of Boulais v. Boulais, Superior Court, Judicial District of New Haven at New Haven, Docket No. 368009 (February 3, 1995, Hodgson, J.) (13 Conn.L.Rptr. 462); Estate of Glass v. Glass, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 861599 (September 30, 1991, Berger, J.)[3]
Under Connecticut law, an estate is not a legal entity with the capacity to sue. Estate of Boulais v. Boulais, supra, 13 Conn.L.Rptr. 463. Therefore, this line of cases holds that the court is deprived of subject matter jurisdiction by the plaintiffs error because the initial suit is a legal nullity and § 52-109 is inapplicable. Id. Further examples of cases exist where courts have held the suit a legal nullity and §52-109 inapplicable. See, e.g., GMA Yacht Sales v. Skagit MarineDistributing, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 364155 (September 7, 2000, Skolnick, J.) (28 Conn.L.Rptr. 227) (plaintiff named itself OMA Yacht Sales when real party in interest was A. A. Constantime, d/b/a GMA Yacht Sales); AmericanRental Centers v. ITT Hartford Ins. Group, supra, 8 C.S.C.R. 412
(plaintiff named itself American Rental Centers when real party in interest was Rental Centers of Connecticut, d/b/a American Rental Centers);[4] Murtha Trucking Co. v. Wes Cadillac Oldsmobile, Inc., Superior Court, Judicial District of Waterbury, Docket No. 93108 (November 9, 1992, Blue, J.) (7 C.S.C.R. 1311) (plaintiff named itself Murtha Trucking Company when real party in interest was Murtha Waste Control Corporation).
What all these Superior Court cases have in common is that none of them, after concluding that § 52-109 was inapplicable, discussed whether § 52-123 was instead applicable to remedy the plaintiffs error. General Statutes § 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." This court believes that §52-123 should be applied when, as in the above cases, the plaintiffs error does not result in the naming of an entirely different party, but instead involves merely an inaccurate designation of the name of the correct party, that is, a misnomer. CT Page 6666
An error under § 52-123 does not implicate the court's subject matter jurisdiction. Andover Ltd. Partnership I v. Board of Tax Review, supra, 232 Conn. 396; see also Brennan v. Fairfield, 255 Conn. 693, 707, ___ A.2d ___ (2001) (holding that a misnomer does not prevent the exercise of subject matter jurisdiction). Under this statute, a plaintiff may correct an error in naming a party when the error is a mere misnomer, but not when the error results in the naming of an entirely different party than the real party in interest. Id., 396-97; 1 E. Stephenson, supra, § 105(e), p. 433. In the case of a misnomer, the plaintiff designates the correct party "in a way that may be inaccurate but which is still sufficient for identification purposes. . . ." (Internal quotation marks omitted.) Andover Ltd. Partnership I v. Boardof Tax Review, supra, 232 Conn. 398, citing Lussier v. Dept. ofTransportation, 228 Conn. 343, 350, 636 A.2d 808 (1994); see also Brennanv. Fairfield, supra, 255 Conn. 707. Since a misnomer falls under §52-123, the court is not automatically deprived of jurisdiction by this type of error. Lussier v. Dept. of Transportation, supra, 228 Conn. 350. The second type of error is one in which the plaintiff "misconstrues the identity of [the party] rather than his name or legal nature." 1 E. Stephenson, supra, § 105(e), p. 434. Because such an error is not merely circumstantial in nature, it does not fall within the scope of § 52-123.
The Supreme Court has formulated a test to determine whether an error is a misnomer and therefore a circumstantial defect under § 52-123: "(1) whether the . . . defendant had actual notice of the [proper plaintiffs] institution of the action; (2) whether the . . . defendant knew or should have known that [the proper plaintiff] was the intended [plaintiff] in the action; and (3) whether the . . . defendant was in any way misled to its prejudice." Andover Ltd. Partnership I v. Board of TaxReview, supra, 232 Conn. 397. Under this test, the plaintiff in this case did not misconstrue its identity. Instead, the plaintiffs description of itself was inaccurate, but sufficient for identification purposes. Nothing in the record indicates that the defendant did not have notice of the institution of the action or that the defendant had any difficulty identifying the plaintiff. Neither does the defendant make any claim, nor is there any evidence that, the defendant suffered any prejudice as a result of the plaintiffs error.
The defendant has argued that there are two bars to the name change proposed by the plaintiff. First, the defendant claims that because the plaintiffs error resulted in the naming of a legal nonentity, the court cannot allow the substitution. Second, the defendant argues that because the plaintiffs error is in regard to its own name, the court should treat that error differently than if the plaintiff incorrectly described the CT Page 6667 defendant's name. Appellate authority, however, shows that under §52-123, neither of these is a bar to the plaintiffs proposed substitution.
First, § 52-123 is applicable where the plaintiffs original error results in the naming of a legal nonentity as a party. In Pack v. Burns,212 Conn. 381, 382, 562 A.2d 24 (1989), the plaintiff named the "State of Connecticut, Transportation Commission" as the defendant in the action. No such entity exists. Instead, the proper party was the "Commissioner of Transportation." Id., 383. The Supreme Court, holding that the error was merely a misnomer, allowed the plaintiff to amend the complaint to correct the error. Id., 386.
Second, § 52-123 may be applied both to errors in naming the defendant and errors in naming the plaintiff. Thus far, Supreme Court decisions applying § 52-123 have involved cases where the plaintiff inaccurately described the defendant's name. See, e.g., Andover Ltd.Partnership I v. Board of Tax Review, supra, 232 Conn. 392; Lussier v.Dept. of Transportation, supra, 228 Conn. 343; Pack v. Burns, supra,212 Conn. 381; World Fire Marine Ins. Co. v. Alliance Sandblasting Co.,105 Conn. 640, 136 A. 681 (1927). Nothing, however, in those decisions specifically precludes application of § 52-123 in a case where the plaintiff incorrectly describes its own name. In fact, in a recent decision, the Appellate Court relied on the above line of cases in applying § 52-123 in a case where the plaintiff inaccurately described its own name. Dyck O'Neal, Inc. v. Wynne, 56 Conn. App. 161, 742 A.2d 393
(1999) (allowing post judgment substitution where the plaintiff identified itself initially as Dyck O'Neal rather than Dyck O'Neal, Inc.).
Therefore, because there is no bar to applying § 52-123 to cure defects where the plaintiff inaccurately describes its own name, resulting in the naming of a legal nonentity, and since the plaintiffs error is a mere misnomer under § 52-123, that error does not deprive the court of subject matter jurisdiction. Further, since the defendant has not suffered any prejudice as a result of the plaintiffs error, the court will allow the plaintiffs proposed substitution.
 CONCLUSION
Because of the foregoing reasons the defendant's motion to dismiss is denied and the plaintiffs motion to substitute is granted.
 _____________________ BERGER, JUDGE