******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SG PEQUOT 200, LLC *v.* TOWN OF FAIRFIELD
(AC 45863)

Bright, C. J., and Alvord and Moll, Js.

*Syllabus*

Pursuant to statute (§ 12-111 (a) (1)), "[a]ny person . . . claiming to be
aggrieved by the doings of the assessors of [a] town may appeal there-
from to the board of assessment appeals. Such appeal shall be filed in
writing or by electronic mail in a manner prescribed by such board on
or before February twentieth. . . ."

Pursuant further to statute (§ 12-112), "[n]o appeal from the doings of the
assessors in any town shall be heard or entertained by the board of
assessment appeals . . . unless written appeal is made on or before
February twentieth in accordance with the provisions of section 12-111."

The plaintiff limited liability company appealed to this court from the trial
court's judgment dismissing its municipal tax appeal brought pursuant
to statute (§ 12-117a). In October, 2021, the defendant town assessed
the plaintiff's property and set forth a valuation. The plaintiff mailed its
petition to appeal the valuation to the town's board of assessment
appeals on Friday, February 18, 2022, via commercial standard overnight
shipping. The town's municipal offices were closed Saturday, February
19, 2022, through Monday, February 21, 2022, Washington's Birthday, a
legal holiday. On February 22, 2022, the board received the plaintiff's
petition and, on February 23, 2022, the board notified the plaintiff that
its petition would not be heard because it was received after February
20, the statutory deadline set forth in §§ 12-111 (a) (1) and 12-112. The
plaintiff then appealed to the trial court pursuant to § 12-117a, alleging,
inter alia, that it had been aggrieved by the board under § 12-117a and
that its appeal to the board had been timely. The town filed an answer
and asserted several special defenses, including that the plaintiff's claim
was barred under § 12-117a because the plaintiff did not file its petition
before the statutory deadline. The town subsequently filed a motion for
partial summary judgment, arguing, inter alia, that there was no genuine
issue of material fact in dispute, it was entitled to judgment as a matter
of law, and the court lacked subject matter jurisdiction because the
plaintiff's appeal to the board was untimely. The trial court granted the
town's motion for partial summary judgment and dismissed the relevant
counts of the plaintiff's complaint, finding, inter alia, that the plaintiff's
appeal was untimely because it was received two days after the statutory
deadline set forth in §§ 12-111 and 12-112. On appeal, *held* that the trial
court improperly determined that it lacked subject matter jurisdiction
over the plaintiff's municipal tax appeal on the basis that the plaintiff's
petition to the board was untimely: in accordance with the Supreme
Court's decision in *Brennan* v. *Fairfield* (255 Conn. 693), which analyzed
the statutory deadline for a claim under the municipal defective highway
statute (§ 13a-149), this court similarly determined that the legislature
did not intend for a taxpayer to have a shorter time period to file its
petition to a town's board simply because the statutory deadline fell on
a day that the municipal offices were closed; moreover, this court found
persuasive the principle set forth in *Brennan* and in *Lamberti* v. *Stam-
ford* (131 Conn. 396) that a plaintiff cannot effectuate notice on a board
when a town's municipal offices are closed on weekends or a legal
holiday because the designated town official is not available to receive
the notice, the Supreme Court having determined that the legislature
did not intend the alternative, that is, that either the town clerk's office
would have to be open on those days in order to receive the notice or
the designated official would have to be otherwise available to receive
the notice, and this court similarly was not persuaded that the legislature
intended to have municipal offices open on weekends or legal holidays
in order for a taxpayer to satisfy the deadline set forth in §§ 12-111 (a)
(1) and 12-112; accordingly, because the statutory deadline of February
20, 2022, was a Sunday and the following day was a legal holiday, this
court concluded that the plaintiff's appeal, received by the board on
February 22, 2022, was timely made.

Argued November 8, 2023—officially released January 16, 2024

*Procedural History*

Appeal from the decision of the defendant's Board of Assessment Appeals declining to hear the plaintiff's petition to appeal the valuation of its property, brought to the Superior Court in the judicial district of Fairfield and transferred to the judicial district of New Britain, Tax Session, where the court, *Cordani, J.*, granted the defendant's motion for partial summary judgment and rendered judgment thereon; thereafter, the plaintiff withdrew the remaining count of its complaint and appealed to this court. *Reversed in part*; *judgment directed.*

*Gary J. Greene*, with whom, on the brief, were *Michael D. Reiner* and *Sean V. Patel*, for the appellant (plaintiff).

*Owen T. Weaver*, with whom was *Barbara M. Schellenberg*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, SG Pequot 200, LLC, appeals from the judgment of dismissal rendered in favor of the defendant, the town of Fairfield (town), by the trial court in this municipal tax appeal brought pursuant to General Statutes § 12-117a.[1] On appeal, the plaintiff claims that the court improperly determined that the court lacked subject matter jurisdiction over the plaintiff's municipal tax appeal on the basis that the plaintiff's petition to the town's board of assessment appeals (board) was untimely under General Statutes §§ 12-111 (a) (1) and 12-112. We agree and, accordingly, reverse in part the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. On October 1, 2021, the town assessed the plaintiff's property located at 200 Pequot Avenue, Fairfield, and valued it at $2,750,790. The plaintiff mailed its petition to appeal the valuation to the board on Friday, February 18, 2022, via Federal Express (FedEx) standard overnight shipping. The town's municipal offices were closed Saturday, February 19, 2022, through Monday, February 21, 2022, Washington's Birthday.[2] On February 22, 2022, the board received the plaintiff's petition, and on February 23, 2022, the board notified the plaintiff that its petition would not be heard because it was received after the statutory deadline of February 20.

The plaintiff then appealed to the Superior Court pursuant to § 12-117a. In count one of its three count complaint; see footnote 4 of this opinion; the plaintiff alleged that it had been aggrieved by the board under § 12-117a and that its appeal to the board was timely. The town filed an answer and asserted several special defenses, including that the plaintiff's claim was barred under § 12-117a because the plaintiff did not file its petition before the statutory deadline.

On June 28, 2022, the town filed a motion for partial summary judgment, accompanied by a supporting memorandum of law, as to counts one and three of the plaintiff's complaint. See footnote 4 of this opinion. As to count one, the town argued, inter alia, that there was no genuine issue of material fact in dispute, it was entitled to judgment as a matter of law, and that the court lacked subject matter jurisdiction because the plaintiff's appeal to the board was untimely. In support of its motion, the town submitted the affidavit of its tax assessor, Ross Murray, who averred that he receives and processes taxpayer petitions for the board. Murray attested that he received the plaintiff's petition on February 22, 2022, and he notified the plaintiff on February 23, 2022, that the board would not hear its petition because the petition was received after the statutory deadline.

On July 15, 2022, the plaintiff filed an opposition

to the town's motion for partial summary judgment, accompanied by a supporting memorandum of law, wherein it argued, inter alia, that it timely had appealed to the board. In support of its opposition, the plaintiff submitted a copy of the petition's FedEx tracking information as an exhibit. According to the tracking information, the plaintiff mailed the petition from Buffalo, New York, on February 18, 2022, via FedEx standard overnight delivery and the board received the petition on February 22, 2022.

The town filed a reply memorandum, wherein it argued, inter alia, that the plaintiff's "late filing was due solely to [its] decision to mail its petition on February 18, 2022." In support of its reply memorandum, the town submitted, inter alia, a supplemental affidavit of Murray. Murray averred that the Office of Policy and Management informed towns that taxpayers were required to file their petitions on or before February 18, 2022, because February 20, 2022, fell on a Sunday, and Monday, February 21, 2022, was Washington's Birthday.[3]

On September 14, 2022, the court, *Cordani, J.*, issued a memorandum of decision, in which it dismissed counts one and three of the plaintiff's complaint. Relevant to this appeal, the court determined that "[t]he timing deadlines in §§ 12-111, 12-112 and 12-117a are jurisdictional. The court acquires subject matter jurisdiction over a § 12-117a claim pursuant to the applicable statutes themselves and only upon compliance with the terms of the statutes. A failure to comply with the foregoing enabling statutes undermines the subject matter jurisdiction of the court for such claims. As noted, these statutes provide a two step process. The taxpayer is first required to file an appeal with the [board]. Then, only a taxpayer who is 'aggrieved by the action' of the [board] may file a claim pursuant to § 12-117a in court. Further, as noted, § 12-112 expressly prohibits the [board] from hearing or entertaining an untimely appeal. In this matter, the [board] determined that the plaintiff's appeal was untimely because it was received two days after the deadline. As a result, the [board], in accordance with § 12-112, refused to hear or entertain the appeal." Accordingly, the court dismissed count one of the plaintiff's complaint.[4] This appeal followed.

Before turning to the plaintiff's claim on appeal, we set forth the relevant standard of review. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 114, 891 A.2d 106 (2006). "[A] claim that the court lacks jurisdiction over the subject matter cannot be waived and must be addressed

whenever it is brought to the court's attention. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . Accordingly, [t]he subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Citations omitted; internal quotation marks omitted.) Id., 116–17.

"[A] challenge to the court's subject matter jurisdiction is ordinarily raised by way of a motion to dismiss. . . . Our Supreme Court, however, has held that a motion for summary judgment is also an appropriate means of challenging the court's subject matter jurisdiction, as the question of subject matter jurisdiction can be raised at any time. . . . Furthermore, once the question of the court's subject matter jurisdiction is raised, it must be resolved before the court addresses the merits of the plaintiff's claims." (Citations omitted.) *Sosa* v. *Robinson*, 200 Conn. App. 264, 275–76, 239 A.3d 1228 (2020).

"Practice Book § 17-49 provides in relevant part that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Furthermore, [i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle[s] him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .

"Whereas a motion to dismiss is decided only on the allegations in the complaint and the facts implied from those allegations, summary judgment is decided by looking at *all* of the pleadings, affidavits and documentary evidence presented to the court in support of the motion." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Manifold* v. *Ragaglia*, supra, 94 Conn. App 120.

We next set forth the applicable legal principles regarding a municipal tax appeal. "When a taxpayer is aggrieved by the assessment of his property, there are statutory procedures in place for the taxpayer to challenge the assessment. [T]he legislature has established two primary methods by which taxpayers may challenge a town's assessment or revaluation of their property. First, any taxpayer claiming to be aggrieved by an

action of an assessor may appeal, pursuant to . . . § 12-111, to the town's board . . . . The taxpayer may then appeal, pursuant to . . . § [12-117a], an adverse decision of the town's board . . . to the Superior Court. The second method of challenging an assessment or revaluation is by way of [General Statutes] § 12-119." (Internal quotation marks omitted.) *Tirado* v. *Torrington*, 179 Conn. App. 95, 101–102, 179 A.3d 258 (2018). Section 12-111 (a) (1) provides in relevant part: "Any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals. Such appeal shall be filed in writing or by electronic mail in a manner prescribed by such board on or before February twentieth. . . ." Section 12-112 provides in relevant part: "No appeal from the doings of the assessors in any town shall be heard or entertained by the board of assessment appeals . . . unless written appeal is made on or before February twentieth in accordance with the provisions of section 12-111."

In the present case, the plaintiff claims that the court had subject matter jurisdiction over its appeal because its appeal to the board was timely made on February 22, 2022, given that the February 20 statutory deadline fell on a Sunday and February 21, 2022, was Washington's Birthday. The town maintains that the court correctly determined that the plaintiff's petition was untimely because the board received it after the statutory deadline. We agree with the plaintiff.

In support of its argument that it timely appealed, the plaintiff relies on *Brennan* v. *Fairfield*, 255 Conn. 693, 768 A.2d 433 (2001). Therein, our Supreme Court concluded that the ninety day filing period under the municipal defective highway statute, General Statutes § 13a-149,[5] may be extended to ninety-two days when the ninetieth and ninety-first days fall on a Saturday and a Sunday. Id., 694–95. The court applied the longstanding principle that, "[a]t common law, when the terminal day for filing legal papers fell on a holiday or Sunday, the plaintiff was able to make performance on the following day"; id., 698; and determined that there is "no meaningful distinction between, on one hand, municipal offices that routinely are closed on weekends, and, on the other hand, such offices that are required to be closed on legal holidays . . . . Filing notice under § 13a-149 . . . does not involve just one party. The designated town official must be available to receive the notice. When municipal offices are closed on weekends, public officers are freed from the obligation of keeping open their offices or attending to their duties, just as they are freed from these obligations on official holidays. . . . To conclude otherwise would mean that, if the terminal date for filing notice pursuant to § 13a-149 fell on a Saturday or Sunday, then either the town clerk's office would have to be open on those days in order to receive the notice, or the designated

official would have to be otherwise available to receive the notice delivered on the ninetieth day. We do not think that the legislature intended these consequences in order for a claimant to satisfy the notice filing requirements of § 13a-149." (Citation omitted; internal quotation marks omitted.) Id., 700. The court also recognized "that permitting filings past certain deadlines is an accepted practice in our courts," cited several examples of statutes that directly provide for extended deadlines, and determined that, although § 13a-149 "does not explicitly provide for an extension of time when the terminal day falls on a Saturday or Sunday . . . its notice provision should be read in light of the statute's overall purpose to provide claimants with the opportunity to recover for injuries . . . ." Id., 700–701.

In reaching its determination in *Brennan*, the court relied on *Lamberti* v. *Stamford*, 131 Conn. 396, 40 A.2d 190 (1944), wherein the court analyzed the notice requirement of General Statutes (1930 Rev.) § 1420, the predecessor to § 13a-149, the current municipal defective highway statute. Under General Statutes (1930 Rev.) § 1420, a person who sought to bring a cause of action against a municipality alleging an injury resulting from a defective road or bridge had ten days to notify the municipality of the occurrence. See also id., 397. In *Lamberti*, the plaintiff was injured on December 15, meaning that the statutory deadline fell on December 25, Christmas, a legal holiday. Id., 397–98. The plaintiff notified the municipality of the occurrence on December 26. Id., 397. The court concluded that, "if the last day of the [statutory] period falls on a holiday, the giving of notice on the next day is . . . sufficient compliance with the statute." Id., 401. After examining the interplay between the municipal defective highway statute and the statute designating legal holidays, the court determined that "[w]e do not have here a situation where the giving of the notice requires action only by the [party] injured or someone [on its] behalf. The giving of that notice involves a duty to receive it on the part of the proper municipal official. Certainly when the legislature declares a day to be a holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties on that day . . . . Practically, where the last day of the period falls on a holiday, not to permit the notice to be filed on the succeeding day would be to cut down the time permitted for giving the notice . . . . We cannot believe that the legislature had such an intention." Id., 399–400.

In the present case, the plaintiff relies on *Brennan* and argues that, "[r]egardless of whether the statutory deadline is a 'bright line deadline' or a deadline 'measured by any particular triggering event or time period,' the legislature intended to give the plaintiff the deadline provided for in [§§ 12-111a and 12-112]." The town maintains that *Brennan* is inapplicable because that case

concerns a statute that prescribes a certain number of days after a triggering event as a deadline, whereas §§ 12-111 (a) (1) and 12-112 set forth a specific date.[6]

We agree with the plaintiff that the principles set forth in *Lamberti*, and reaffirmed in *Brennan*, apply in the present case, notwithstanding that those cases involved statutory deadlines prescribed by a certain number of days after a triggering event rather than a specific date. In the present case, the plaintiff mailed its petition on Friday, February 18, 2022, via FedEx standard overnight delivery. As in *Brennan* and *Lamberti*, the town's municipal buildings were closed on the final day of the statutory deadline, here Sunday, February 20, 2022, and also on Monday, February 21, 2022, for a legal holiday, Washington's Birthday. Thus, the board received the plaintiff's petition the following business day, Tuesday, February 22, 2022. The court in *Brennan* determined that the legislature did not intend "for claimants to have fewer than the prescribed ninety days available to them pursuant to § 13a-149 simply because the terminal day coincides with a day when the municipal office is closed." *Brennan* v. *Fairfield*, supra, 255 Conn. 701. Similarly, we do not believe that the legislature intended for a taxpayer to have a shorter time period to file its petition to a town's board simply because the statutory deadline falls on a day that the municipal offices are closed.

We also find persuasive the principle set forth in *Lamberti* and *Brennan* that a plaintiff cannot effectuate notice on a board when a town's municipal offices are closed on weekends or a legal holiday because the designated town official is not available to receive the notice. See *Lamberti* v. *Stamford*, supra, 131 Conn. 400–401; *Brennan* v. *Fairfield*, supra, 255 Conn. 700. The court in *Brennan* determined that, "if the terminal date for filing notice pursuant to § 13a-149 fell on a Saturday or Sunday, then either the town clerk's office would have to be open on those days in order to receive the notice, or the designated official would have to be otherwise available to receive the notice delivered on the ninetieth day. We do not think that the legislature intended these consequences in order for a claimant to satisfy the notice filing requirements of § 13a-149." *Brennan* v. *Fairfield*, supra, 700. Similarly, we are not persuaded that the legislature intended to have municipal offices open on weekends or legal holidays in order for a taxpayer to satisfy the deadline set forth in §§ 12-111 (a) (1) and 12-112.

Because the statutory deadline of February 20, 2022, was a Sunday and the following day was a legal holiday, we conclude that the plaintiff's appeal, received by the board on February 22, 2022, was timely made. Thus, the court had subject matter jurisdiction over the plaintiff's appeal from the board's decision declining to hear its petition, and, as a result, the court improperly dismissed

count one of the plaintiff's complaint.

The judgment is reversed only as to the dismissal of count one of the plaintiff's complaint and the case is remanded to the trial court with direction to deny the defendant's motion for summary judgment as to count one and to remand the case to the Board of Assessment Appeals of the Town of Fairfield; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] General Statutes § 12-117a (a) (1) provides in relevant part: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

[2] General Statutes § 1-4, titled "Days designated as legal holidays," provides in relevant part: "In each year . . . the third Monday in February (known as Washington's Birthday) . . . shall . . . be a legal holiday . . . ." Although the trial court refers to the holiday as "President's Day," we will use "Washington's Birthday" as set forth in the statute.

[3] The plaintiff, without seeking the court's permission, then filed a reply memorandum and accompanying affidavits in further support of its opposition to the town's motion for partial summary judgment. In response, the town filed a motion to strike the plaintiff's reply memorandum and an accompanying memorandum of law in support thereof, citing Practice Book § 11-10 (c) ("[s]urreply memoranda cannot be filed without the permission of the judicial authority"). Subsequently, the plaintiff filed a request for leave to file its surreply brief. Neither the town's motion to strike nor the plaintiff's request for leave was adjudicated, and neither party raises any contention on appeal with respect to these filings.

[4] In count two of the plaintiff's complaint, the plaintiff had alleged that it had been aggrieved by the board under General Statutes § 12-119 and that its appeal to the board was timely. Following the court's dismissal of counts one and three, the plaintiff withdrew count two.

In count three, the plaintiff had alleged that the town improperly assigned an income and expense penalty to the subject property. Regarding count three, the court determined that "[t]he [town] has also moved for summary judgment on count three, which presents an unspecified claim challenging the imposition of a late filing penalty in connection with the plaintiff's 2021 income and expense statement. The [town] has represented that no such penalty has been imposed. The plaintiff has not opposed the [town's] motion as to count three. Given the undisputed facts, it is apparent that count three does not present an actual case and controversy, and as a result the court lacks subject matter jurisdiction over count three. Accordingly, the court must dismiss count three." The plaintiff does not raise any claim on appeal with respect to the court's ruling dismissing count three of its complaint.

[5] General Statutes § 13a-149 provides in relevant part that "[n]o action for any such injury shall be maintained . . . unless written notice of such injury . . . shall, within ninety days thereafter be given to a selectman or the clerk of such town . . . ."

[6] The town further contends that the plaintiff's argument is "[t]he exact style argument" raised in *Seramonte Associates, LLC* v. *Hamden*, 345 Conn. 76, 282 A.3d 1253 (2022) (*Seramonte*). In that case, our Supreme Court considered "whether General Statutes § 12-63c (a), which requires the owners of certain rental property to submit income and expense information to their municipal tax assessor not later than the first day of June, [was] satisfied when that information [was] postmarked but not delivered by that date." (Internal quotation marks omitted.) Id., 78. The court determined "that the word 'submit' in § 12-63c (a) unambiguously requires that the income and expense information be received by the assessor by June 1." Id., 91. *Seramonte* is distinguishable from the present appeal for several reasons. First, unlike the plaintiff in *Seramonte*, the plaintiff in the present case sent its petition to the board prior to the statutory deadline and the

delay in the board's receipt of the plaintiff's petition was due to February 20, 2022, falling on a Sunday and February 21, 2022, being Washington's Birthday. Second, *Seramonte* does not involve a situation where the June 1 deadline fell on a weekend or legal holiday. Finally, the language of neither § 12-111 (a) (1) nor § 12-112 includes the word "submit" when describing the process of a taxpayer appealing to their town's board. Thus, we are unpersuaded by the town's argument that the statutory analysis in *Seramonte* is instructive to our consideration of the present appeal.

―――――――――――――――――――