## MARY BRENNAN *v.* TOWN OF FAIRFIELD
### (AC 18969)

O'Connell, C. J., and Landau and Daly, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 27—officially released June 13, 2000

*Brenden P. Leydon,* with whom was *Francis J. Ficarra,* for the appellant (plaintiff).

*Charles W. Fleischmann,* for the appellee (defendant).

*Opinion*

LANDAU, J. In this personal injury action, the plaintiff, Mary Brennan, appeals from the judgment of the trial court rendered following the granting of the motion to dismiss filed by the defendant, the town of Fairfield (town). On appeal, the plaintiff claims that the court improperly dismissed the action for lack of subject matter jurisdiction on the ground that she had not provided timely notice of the alleged incident. In its counterstatement of the issue, the town claims that the court properly dismissed the action because the plaintiff did not comply with the requirements of General Statutes § 13a-149,[2] as she did not give notice to a selectman or the

_____

[2] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written *notice* of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, *shall, within ninety days thereafter be given to a selectman or the clerk*

town clerk within ninety days of the alleged occurrence. We agree with the town and affirm the judgment of the trial court.

The following facts and procedural history are pertinent to our resolution of this appeal. The plaintiff returned her complaint against the town on December 29, 1995.[3] The complaint alleged that the plaintiff suffered injuries and damages as a result of a fall on a defective sidewalk under the control of the town. The complaint is in one count, raising a highway defect claim pursuant to § 13a-149. The operative pleading, however, is an amended complaint dated November 6, 1996, in which the plaintiff alleged that her injury occurred on December 19, 1993, and that notice of the incident was duly given to the defendant on March 16, 1994. The town notes that the amended complaint did not allege that notice was given to a selectman or to the town clerk.

The town moved to dismiss the plaintiff's complaint, asserting that the court lacked subject matter jurisdiction because notice was not given to a selectman or to the town clerk within ninety days of the alleged incident, as required by § 13a-149. In an affidavit in support of the town's motion to dismiss, the town clerk, Marguerite H. Toth,[4] attested that a letter regarding the plaintiff's potential claim was received in the town clerk's

_of such town_, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." (Emphasis added.)

[3] The sheriff's return indicates that the writ was placed in the sheriff's hands on December 19, 1995, and served upon the town on December 21, 1995. See General Statutes § 52-593a.

[4] Toth attested, in part, that she was the duly elected town clerk on March 21, 1994, and that she had been the town clerk since November, 1989.

office on March 21, 1994.[5] The letter was addressed to Madeleine E. Costa, town clerk. According to Toth, Costa was not the town clerk and she was not a person known to Toth. The same letter also was addressed to the town's department of public works.

The plaintiff objected to the motion to dismiss, arguing that because the clerk's office was closed on Saturday, March 19, 1994, and Sunday, March 20, 1994, it was not possible to give notice until March 21, 1994. In addition, the plaintiff contends that she mailed notice to the town on March 16, 1994, and thus, even if notice was received two days late, it should be considered timely because she mailed the notice before the ninety days expired.

The court granted the town's motion to dismiss for lack of subject matter jurisdiction because the statutory notice required by § 13a-149 was not received within ninety days of the alleged occurrence. This appeal followed.

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice

---

[5] The letter stated in relevant part:
"March 16, 1994
Madeleine E. Costa
Fairfield Town Clerk
Fairfield Town Hall
611 Old Post Road
Fairfield, Connecticut 06430
Fairfield Department of Public Works
Fairfield Town Hall
611 Old Post Road
Fairfield, Connecticut 06430
Re: Notice Pursuant to C.G.S. § 13a-149
Claimant: Mary Brennan
Date of Accident: 12/19/93
Dear Sir:
Pursuant to Connecticut General Statutes Section 13a-149, I am hereby providing the Town of Fairfield with formal notice of intention to commence an action against the above two entities."

Book § 10-31 (a). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." *Pamela B.* v. *Ment,* 244 Conn. 296, 308, 709 A.2d 1089 (1998). Our determination of a trial court's subject matter jurisdiction is a question of law and, therefore, our review is plenary. *Lawrence Brunoli, Inc.* v. *Branford,* 247 Conn. 407, 410, 722 A.2d 271 (1999).

"It is well established that the state or a city is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. See *Baker* v. *Ives,* 162 Conn. 295, 298, 294 A.2d 290 (1972). Thus, in a case where a government is the defendant, courts do not have subject matter jurisdiction unless such jurisdiction is statutorily conferred. The legislature, however, has carved out certain statutory exceptions to the general rule of sovereign immunity and allowed governmental entities to be sued under certain limited circumstances. *Berger, Lehman Associates, Inc.* v. *State,* 178 Conn. 352, 356, 422 A.2d 268 (1979) (sovereign immunity can be waived by appropriate legislative action); *State* v. *Chapman,* 176 Conn. 362, 364, 407 A.2d 987 (1978) . . . . The highway defect statute, § 13a-149, on which the plaintiff depends for her cause of action, is one of those exceptions.

"Where a court's jurisdiction arises solely from a statutory waiver of sovereign immunity, the statutory provisions must be strictly construed. *Duguay* v. *Hopkins,* 191 Conn. 222, 232, 464 A.2d 45 (1983); *Spring* v. *Constantino,* 168 Conn. 563, 570, 362 A.2d 871 (1975). Accordingly, where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court

is said to lack jurisdiction over the case. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492–93, 400 A.2d 726 (1978). [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Novicki* v. *New Haven,* 47 Conn. App. 734, 738–39, 709 A.2d 2 (1998).

To resolve this appeal, we must construe the language of § 13a-149 to determine whether the letter received in the town clerk's office on March 21, 1994, conforms to the requirements of the statute. "In deciding this issue, we are guided by well defined principles of statutory interpretation. Statutory construction is a question of law and therefore our review is plenary. . . . *Alvarado* v. *Black,* 248 Conn. 409, 414, 728 A.2d 500 (1999). [T]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . *Wright Bros. Builders, Inc.* v. *Dowling,* 247 Conn. 218, 226, 720 A.2d 235 (1998); *State* v. *Albert,* 50 Conn. App. 715, 719, 719 A.2d 1183 (1998), [cert. granted on other grounds, 247 Conn. 954, 723 A.2d 810 (1999)]. In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case . . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . It is the duty of the court to interpret statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated. . . . *Luce* v. *United Technologies Corp.,* 247 Conn. 126, 133, 717 A.2d 747 (1998)." (Internal quotation marks omitted.) *Mack* v. *LaValley,* 55 Conn. App. 150, 165–66, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999).

"[S]tatutory language is to be given its plain and ordinary meaning. *Mazur* v. *Blum*, 184 Conn. 116, 118, 441 A.2d 65 (1981); see also *Carrothers* v. *Vumbacco*, 4 Conn. App. 168, 171, 493 A.2d 259 (1985). A cardinal rule of statutory construction is that where the words of a statute are plain and unambiguous the intent of the [drafters] in enacting the statute is to be derived from the words used. *State* v. *Millstein*, 8 Conn. App. 581, 597, 513 A.2d 1253, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986); see also *Rhodes* v. *Hartford*, 201 Conn. 89, 93, 513 A.2d 124 (1986). Where the court is provided with a clearly written rule, it need look no further for interpretive guidance. Id.; see also *Connecticut Hospital Assn.* v. *Commission on Hospitals & Health Care*, 200 Conn. 133, 141, 509 A.2d 1050 (1986)." (Internal quotation marks omitted.) *Bristol* v. *Vogelsonger*, 21 Conn. App. 600, 604, 575 A.2d 252 (1990). "Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them." *State* v. *Nelson*, 126 Conn. 412, 416, 11 A.2d 856 (1940).

On appeal, the plaintiff raises a number of arguments and points to case law to support her position that the letter addressed to Costa and the department of public works, which was received in the town's clerk's office on March 21, 1994, meets the notice requirements of § 13a-149. That statute provides that "notice . . . shall, within ninety days thereafter be given to a selectman or the clerk of such town . . . ." General Statutes § 13a-149. The plaintiff does not contend that she gave notice to a town selectman.

The plaintiff relies first on the case of *Lamberti* v. *Stamford*, 131 Conn. 396, 40 A.2d 190 (1944). The statute at issue in *Lamberti*, the precursor to our current municipal highway defect statute, required a person injured by means of a defective road to give notice to the city clerk within ten days of the occurrence of injury.

There, the plaintiff sustained injuries on December 15 and did not give notice until December 26. The tenth day after the injury was December 25, which is denoted a legal holiday pursuant to another state statute, and the clerk's office was closed. Our Supreme Court held that the plaintiff's notice was timely where it was given one day after the tenth day, which fell on a legal holiday. Id., 401.

In reaching its conclusion, the Supreme Court observed that "[t]he giving of that notice involves a duty to receive it on the part of the *proper* municipal official." (Emphasis added.) Id., 400. In *Lamberti*, there was no question as to whether notice had been given to the city clerk as directed by the statute. In the case before us, the words of § 13a-149 are quite clear and unambiguous; notice is to be given to the town clerk or a selectman. The letter from the plaintiff's counsel received in the clerk's office on March 21, 1994, was addressed to Madeleine E. Costa, an individual who was not the town clerk, and the Fairfield department of public works. Neither Costa nor the department of public works is a proper municipal officer designated to receive notice pursuant to § 13a-149. The letter that the plaintiff claims provided notice to the town clerk did not comply with the dictates of the statute.

The plaintiff next relies on *Pratt* v. *Old Saybrook*, 225 Conn. 177, 621 A.2d 1322 (1993), for the proposition that the notice provision of § 13a-149 is to be liberally construed.[6] The crux of the plaintiff's position is that because the descriptive elements of the notice requirement are to be liberally construed, the time element must be liberally construed as well. We disagree

---

[6] The *Pratt* court held that the plaintiff in that case had provided the required notice even though he stated he was relying on a different statute because § 13a-149 does not require that the notice specify the statute relied upon. *Pratt* v. *Old Saybrook*, supra, 225 Conn. 182.

because the plaintiff's reasoning is contrary to the words of the statute and the rationale of *Pratt.*

"Under § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain. '[T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof.' *Marino* v. *East Haven,* 120 Conn. 577, 579, 182 A. 225 (1935)." *Pratt* v. *Old Saybrook,* supra, 225 Conn. 180.

"[I]t is not without significance that the legislature provided a liberal saving clause in order to validate the *content of a defective notice.* Section 13a-149 provides that no notice 'shall be held invalid or insufficient *by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence,* if it appears that there was no intention to mislead or that such town . . . was not in fact misled thereby.' Although it is *limited in terms of the types of defects covered,* this clause demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." (Emphasis added.) Id., 182–83. The saving clause in the statute is directed to the content of the notice. Nothing in *Pratt* or § 13a-149 states that a plaintiff is not required to give timely notice as required by the statute. *Pratt* itself is to the contrary: "Under § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages . . . ." Id., 180.

The plaintiff also argues that because § 13a-149 is in derogation of common law, the statute must be strictly construed against the town. This argument finds no support in our law. "Where . . . a specific time limita-

tion is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even by the court sua sponte, and may not be waived. . . . *Ecker* v. *West Hartford*, 205 Conn. 219, 232, 530 A.2d 1056 (1987) (wrongful death action); *Vecchio* v. *Sewer Authority*, 176 Conn. 497, 504–505, 408 A.2d 254 (1979) (appeal from sewer assessment); *Hillier* v. *East Hartford*, 167 Conn. 100, 104–105, 355 A.2d 1 (1974) (tort action against municipalities pursuant to General Statutes § 13a-149) . . . ." (Internal quotation marks omitted.) *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 766–67, 628 A.2d 1303 (1993).[7]

The plaintiff's final claim is that her notice was timely given because the letter from her attorney was given to the United States Postal Service for delivery prior to the ninetieth day after her alleged injury. The plaintiff claims that the trial court improperly relied on *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 235, 56 A.2d 519 (1947), because that case concerned the state highway defect statute, now General Statutes § 13a-144. The plaintiff argues that § 13a-144 is different from § 13a-149 because § 13a-144 must be strictly construed as it does not have a saving clause. As we stated previously, however, the saving clause of § 13a-149 pertains to the

---

[7] " 'Giving of timely notice as prescribed by the said statute [§ 13a-149] is a condition precedent to the *existence* of a cause of action against the municipality; and the absence of such notice bars recovery against the municipality as a matter of law.' . . . *Murray* v. *City of Milford*, 256 F. Sup. 350 (D. Conn.), aff'd, 380 F.2d 468 (2d Cir. [1967])." (Emphasis in original.) *Hillier* v. *East Hartford*, supra, 167 Conn. 105–106.

adequacy of the description of the occurrence and not to the timeliness element.

Remarkably, in *Rapid Motor Lines, Inc.*, our Supreme Court, in construing General Statutes (1930 Rev.) § 1481, the predecessor to § 13a-144, construed the language of General Statutes (1930 Rev.) § 1420, the predecessor to § 13a-149. "One meaning of the verb 'give' is 'to make over or bestow.' Another is 'to deliver or transfer; to . . . hand over.' The idea of delivery is predominant in other meanings of the word. Webster's New International Dictionary (2d Ed.). It is obvious from the context of the statute that 'give' was not used in the former sense. To accord it the latter meaning is the reasonable and natural interpretation, in view of the purpose of the provision, which, it must be held, is to fix a definite limit upon the time within which notice shall be received by the highway commissioner. Any other construction would give rise to needless and undesirable uncertainty. Under § 1420 of the General Statutes [now § 13a-149], imposing like liability upon municipalities for defects in highways which they are bound to maintain, the clause 'notice . . . shall . . . be given' requires a completed act within the number of days prescribed by the statute. *Lamberti* v. *Stamford*, supra [131 Conn. 398]. A fortiori must this hold true under § 1481 [now § 13a-144], in which the legislature resorted to the future perfect tense by its use of the words 'shall have been given.' It is our conclusion that these words require that the notice shall be delivered to the commissioner within the sixty-day period specified in the statute, and that sending on the sixtieth day a notice which is not received by him until the sixty-first day does not constitute compliance with the statute." *Rapid Motor Lines, Inc.* v. *Cox*, supra, 134 Conn. 237–38. *Rapid Motor Lines, Inc.*, therefore, stands for the rule that giving a letter to the Postal Service on the last day on which notice may be given does not fulfill the

requirements of the statute if it is not delivered *within* the time prescribed.

Furthermore, our Supreme Court concluded that what is known as the mailbox rule under the law of contracts has no place in the construction of the highway defect statute. Id., 239. Here, we conclude, as well, that the plaintiff's giving of a letter to the Postal Service prior to the ninetieth day does not constitute notice as contemplated by § 13a-149 if the town clerk does not receive it within ninety days.

The plaintiff also seeks to persuade us that because service by mail is acceptable in other jurisdictions and by the rules of practice in this jurisdiction; Practice Book § 10-13 (service by mail complete upon mailing); as well as in the federal courts; Fed. R. Civ. P. 5 (b) (same); we should apply such a rule to this case. Service by mail has no application to the statute before us. Where the language of a statute is clear, the court may not look elsewhere. *Bristol* v. *Vogelsonger*, supra, 21 Conn. App. 604. This court may not impart words or meaning to the statute that are not contained therein. *State* v. *Nelson*, supra, 126 Conn. 416. If the legislature had wanted notice to be complete upon mailing, it would have written the words into § 13a-149. The plaintiff also seeks to have us adopt a rule that the mailing of notice is effective to satisfy the statute on the basis of Public Acts 1999, No. 99-39, which applies to appeals taken under the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. Again, we cannot read words into a statute that are not there. We are duty bound to interpret a statute as it is written. *Mack* v. *LaValley*, supra, 55 Conn. App. 166.

"Where [our Supreme Court] interprets a statute and the legislature fails to take action to change that interpretation, it raises the presumption that the legislature has acquiesced in that interpretation. *Ralston Purina*

*Co.* v. *Board of Tax Review,* 203 Conn. 425, 439, 525 A.2d 91 (1987); 2A J. Sutherland, Statutory Construction (4th Ed. Sands 1984 Rev.) § 45.10. . . . The legislature is presumed to be aware of the interpretation that courts have placed on existing legislation and of the implications that we will draw from its inaction. *Scheyd* v. *Bezrucik,* 205 Conn. 495, 506, 535 A.2d 793 (1987). . . . *Habetz* v. *Condon,* 224 Conn. 231, 239 n.12, 618 A.2d 501 (1992)." (Internal quotation marks omitted.) *State* v. *AFSCME, Council 4, Local 1565,* 249 Conn. 474, 481, 732 A.2d 762 (1999). If the legislature disagreed with the construction of § 13a-149 by the courts with respect to the time and manner for giving notice to the proper municipal officer, it legislatively could have overruled our case law.

In this case, the question of the clerk's office not being open on the ninetieth day is something of a red herring. The plaintiff mailed a letter purporting to give notice to the town clerk to a person by the name of Costa, who was not the town clerk, and to the department of public works. Because the plaintiff did not give notice within ninety days of her alleged injury to the town clerk or a selectman as required by § 13a-149, the court properly dismissed the case.

The judgment is affirmed.

In this opinion the other judges concurred.