[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION #112 MOTION TO DISMISS THE FIFTH COUNT OF THE COMPLATNT
The plaintiff alleges by way of a Revised Complaint dated March 12, 2001, that on or about January 15, 1999, he was shoveling snow at or near the edge of his driveway located at the premises known as 660 Amity Road, Bethany, Connecticut. At that time and place a vehicle operated by the defendant, Clifford Rosson, while in the process of plowing snow, caused a wave of snow and ice to be hurled into and upon the plaintiff. Plaintiff further alleges that the defendant Rosson was the "agent, servant and/or employee of the defendant Town of Bethany. CT Page 14984
The Fifth Count of the Revised Complaint is directed to the defendant, the state of Connecticut. The plaintiff alleges that the defendant, Clifford Rosson was "an official or employee of the State of Connecticut acting with the scope of his authority or employment." The plaintiff also alleges that the subject motor vehicle was owned and insured by the State against personal injuries or property damages. The plaintiff asserts that due to the employment relationship between the subject defendants and the State's ownership of the subject vehicle, it is entitled to recover damages pursuant to § 52-556 of the Connecticut General Statutes.
On April 16, 2001 the defendant, state of Connecticut filed a Motion to Dismiss the Fifth Count of the Complaint on the grounds of the doctrine of sovereign immunity lack of subject matter jurisdiction.
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) Blakeney v. Commissioner of Correction, 47 Conn. App. 568, 572, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).
 Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201, 208 (2001).
The defendant, state of Connecticut moves to dismiss the Fifth Count of the Revised Complaint and asserts that the Court does not have subject matter jurisdiction concerning said Count for reason that that the plaintiff, improperly brought this matter pursuant to the provisions of § 52-556 of the Connecticut General Statutes. It asserts that the defendant, Clifford Rosson was not an employee of the state of Connecticut and that the State did not own and insure the subject vehicle against personal injury of property damage. Therefore the State has not waived its sovereign immunity and the Court does not have jurisdiction to address the issues raised in said Count.
 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing CT Page 14985 them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
 Brennan v. Town of Fairfield, 58 Conn. App. 191, 194 (2000).
The defendant, state of Connecticut brings its motion pursuant to § 10-31 of the Connecticut Practice Book. This section of the Practice Book concerns the grounds for a Motion to Dismiss. Subsections10-31 (a) provides as follows:
 (a) The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.
In support of its Motion, the defendant, state of Connecticut filed the following documentation:
Exhibit A — Affidavit of Joseph J. Czarnecki; and
 Exhibit B — Defendant, Town of Bethany's Answer to Plaintiff's Request for Admissions.
 Exhibit C — Defendant, Clifford Rosson's Answer to Plaintiff's Request for Admissions.
The affidavit of Joseph J. Czarnecki, provides in pertinent part that Mr. Czarnecki was the "Transportation Maintenance Director, Bureau of Engineering and Highway Operations, for District IV of the Department of Transportation [of the state of Connecticut]. District IV encompasses the Town of Bethany." The affiant states that at the time of the incident, the defendant, Rosson was not an employee of the state of Connecticut nor was he plowing snow on behalf of the Department of Transportation or its contractors.
The defendant, Town of Bethany's Answers to the Plaintiff's Request for Admissions provides that:
 1. On or about January 15, 1999, Clifford Rosson was an employee of the Town of Bethany.
 Answer: Admitted.
CT Page 14986
The defendant, Clifford Rosson's Answers to the plaintiff's Request for Admissions provides that:
1. On or about January 15, 1999 you were employed by the Town of Bethany.
Answer: Admitted.
 2. On or about January 15, 1999 you were not an employee of the state of Connecticut.
 Answer: Admitted.
 3. On or about January 15, 1999 you were plowing snow on Amity Road in the Town of Bethany as part of your job duties with the Town of Bethany.
 Answer: Denied.
In addition to the foregoing documentation, the State, in its reply to the co-defendant's Objection to the Motion to Dismiss, submitted a portion of a deposition of the defendant, Clifford Rosson.
The State's Motion to Dismiss, moves that this Court dismiss the Fifth Count of the Revised Complaint based on the doctrine of sovereign immunity.
 It is well settled that the state is immune from suit unless it waives sovereign immunity by appropriate legislation. Without such a waiver, courts do not have subject matter jurisdiction over a claim against the state. Brennan v. Fairfield, 58 Conn. App. 191, 195, 753 A.2d 396 (2000), rev'd on other grounds, 255 Conn. 693, 768 A.2d 433 (2001).
 Isaacs v. Ottaviano, 65 Conn. App. 418, 421 (2001).
 "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996); Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994).
 Martin v. Brady, 64 Conn. App. 433, 442 at footnote 4 (2001).
The co-defendant, Town of Bethany asserts that the State has CT Page 14987 statutorily waived its immunity by the enactment of § 52-556 of the Connecticut General Statutes. This statute concerns actions for injuries caused by motor vehicles owned by the State and operated by State employees. It provides that:
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
In the co-defendants' Objection to the Motion to Dismiss, the co-defendants' assert that the allegations of the Complaint claim that at the time of the accident, the defendant, Clifford Rosson was working as an agent/servant or employee of the town of Bethany and the State of Connecticut and that liability against the State is predicated on §52-556 C.G.S. The gist of the co-defendants' argument is that while the defendant Rosson was not employed directly by the State, at the time of the accident he was plowing the highway on the behalf of the State. The co-defendants go on to assert that "If Clifford Rosson was acting as an agent of the state at the time, then arguably Connecticut General Statutes § 52-556 does apply". See defendants' Memorandum of Law in Objection to Co-defendant's Motion to Dismiss, at Page 3.
The co-defendants filed an Affidavit of Clifford Rosson with Objection to the Motion to Dismiss. This Affidavit provides in pertinent part that:
 5. On January 15, 1999 and for sometime prior thereto, it was a custom for the Town of Bethany to occasionally plow Route 63 in Bethany.
 6. In the past, agents or employees of the State of Connecticut had asked that the Town aid the State in maintaining Route 63 during snow storms.
7. This was done to ensure the safety of all individuals utilizing Route 63.
 8. The State of Connecticut made this request because it was sometimes unable to accomplish clearing of the road in a timely manner.
 9. Although on the date in question, there was no specific request by the state to plow Route 63, CT Page 14988 there was an ongoing understanding that it would be done.
 10. The state of Connecticut was aware of this practice and never objected to the plowing of Route 63 by Bethany personnel or requested that the plowing not be done by Bethany personnel
The affiant does not dispute the defendant, state of Connecticut's assertion that the co-defendant, Rosson was not an employee of the state of Connecticut.
As to the issue raised by the co-defendants, that Mr. Rosson was acting as an agent of the State at the time of the accident, the expressed language of § 52-556 C.G.S. provides that the statute applies to "[a]ny person injured in person or property through the negligence of anystate official or employee when operating a motor vehicle" . . . (emphasis added). This language is clear and unambiguous. There is no mention of other individuals such as "agents" or "servants" who may serve in a less than employee or official capacity.
 Where "the language of the statute is plain and unambiguous, we will not look beyond the words themselves. . . ." Szczapa v. United Parcel Service, Inc., 56 Conn. App. 325, 329, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000).
 Pantanella v. Enfield Ford, Inc., 65 Conn. App. 46, 55 (2001).
While the defendant, Rosson may have had some type of relationship with the state of Connecticut, he was not an "employee" or "official" of the State.
In addition to the foregoing, the defendant, state of Connecticut asserts that it was not the owner and insurer of the snow plow that is the subject of this action. In support of this assertion, the State has provided the Court with excerpts of a deposition of the defendant, Clifford Rosson. Said deposition is dated May 25, 2001. A portion of the deposition concerns a line of questioning during direct examination by Attorney Agatston about the ownership of the vehicle in question:
 Q. And you were operating a town-owned truck at the time of the incident?
A. Yes I was.
The co-defendants did not provide any affidavits or other documentation to rebut the defendant's assertions concerning the ownership of the CT Page 14989 vehicle. In light of the foregoing, the Court concludes that the motor vehicle in question does not belong to the state of Connecticut.
In order for the plaintiff to proceed with an action pursuant to §52-556 C.G.S., an employee or official of the state of Connecticut and a vehicle owned and insured by the State must be involved in the must be involved the accident that is the subject of the law suit. In the case at bar, the defendant, Clifford Rosson was not an employee of the state of Connecticut at the time of the accident in question, nor was the state of Connecticut the owner or insurer of the motor vehicle that was involved in the accident. The conditions predicate to the filing of a viable action pursuant to provisions of § 52-556 C.G.S. have not been met. The State has not waived its sovereign immunity in this matter. The Motion to Dismiss the Fifth Count of the plaintiff's Revised Complaint for lack of subject matter jurisdiction is granted.
R.A. Robinson, J