[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS OF DEFENDANT STATE OF CONNECTICUT
The Plaintiff alleges in his complaint that on or about June 6, 1999, Mr. Michael R. Foisie, (hereinafter "Foisie") was an employee of the State of Connecticut Department of Environmental Protection.[1] On said date Foisie was operating a motor vehicle in a southerly direction on Turkey Hill Road, at the intersection of Jail Hill Road Haddam, Connecticut. Said motor vehicle was owned by the State of Connecticut.
The Plaintiff further alleges that at the aforementioned time and place, the Plaintiff and two other individuals were riding their dirt bikes when Foisie negligently engaged them in a high speed pursuit. The Plaintiff and his dirt bike then collided with a dirt bike being operated by Mr. David D. Galemba and the Plaintiff was thrown to the roadway causing him injuries and damages.
The Plaintiff asserts that his injuries and damages were caused by the negligence of Foisie in one or more of the following ways:
 (a) He negligently pursued the operators of the dirt bikes and the Plaintiff in a high speed chase and pursuit;
 (b) He engaged the operators of the dirt bikes and Plaintiff in a high speed chase and pursuit when the same was not reasonably and not absolutely necessary;
 (c) He engaged the operators of the dirt bikes and the Plaintiff in a high speed chase and pursuit when the risk of accident and injury was high and unreasonable under the circumstances;
 (d) He engaged said operators of the dirt bikes and Plaintiff in a high speed chase and pursuit when the CT Page 15392 persons being pursued presented no clear and present danger to others or themselves so as to justify or offset the danger involving speeding vehicles;
 (e) He engaged said operators of the dirt bikes and Plaintiff in a high speed chase and pursuit for minor alleged motor vehicle misdemeanors or violations subjecting Plaintiff and other dirt biker operators to risk of accident and serious injuries;
 (f) He failed to immediately terminate said high speed chase and pursuit when the risk of accident was great and surpassed the possibility of allegedly apprehending Plaintiff and other dirt bike operators;
 (g) He engaged the Plaintiff in a high speed chase and pursuit without due regard and without reasonable regard to safety of Plaintiff dirt bike operator and other dirt bike operators.
The defendant alleges that for all times pertinent hereto, Mr. Foisie was operating a motor vehicle owned by the State of Connecticut in his capacity as an employee, agent and servant of the Department of Environmental Protection of the State of Connecticut.
The Plaintiff did not explicitly cite any statutory causes of action, nor did the Defendant request any revisions of the Complaint seeking that the Plaintiff state any such causes of action.
This matter was schedule to start jury selection on December 4, 2002.
On November 29, 2002 the Defendant Department of Environmental Protection filed a Motion to Dismiss the Complaint as to said Defendant. The Motion was granted after oral argument on December 4, 2002.
On December 3, 2002, the Defendant State of Connecticut moved to dismiss the Complaint claiming that the action is barred by the doctrine of sovereign immunity and therefore this Court lacks subject matter jurisdiction. On this same date the Plaintiff filed its objection to the Motion to Dismiss asserting that the State had waived its immunity pursuant to the provisions of § 52-556 of the Connecticut General Statutes.[2]
The Defendant's Motion to Dismiss raises the issue of the Court's subject matter jurisdiction. CT Page 15393
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction."
 Pinchbeck v. Department of Public Health, 65 Conn. App. 201, 208
(2001).
The Defendant asserts that it is immune from suit in this action for reason of sovereign immunity.
 It is well settled that the state is immune from suit unless it waives sovereign immunity by appropriate legislation. Without such a waiver, courts do not have subject matter jurisdiction over a claim against the state. Brennan v. Fairfield, 58 Conn. App. 191, 195, 753 A.2d 396 (2000), rev'd on other grounds, 255 Conn. 693, 768 A.2d 433 (2001).
 Isaacs v. Ottaviano, 65 Conn. App. 418, 421 (2001).
As was previously stated herein, the Plaintiff has cited § 52-556
of the Connecticut General Statutes in support of its objection to the Motion to Dismiss.
 Although the state generally is immune from suit, § 52-556 provides a cause of action against the state when any person is injured through the negligence of any state employee while operating a motor vehicle owned and insured by the state. See White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195
(1990) (statutory waiver of sovereign immunity).
 Babes v. Bennett, 247 Conn. 256, 260 (1998).
Section 52-556 C.G.S. is titled "Actions for injuries caused by motor vehicles owned by the state." This statute provides that:
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage CT Page 15394 shall have a right of action against the state to recover damages for such injury.
It is well settled in our case law that by enacting the statute cited above, the State of Connecticut expressly waived its sovereign immunity as it relates to negligent operation of a State owned and insured motor vehicle.
 With the enactment of § 52-556, therefore, the state expressly waived sovereign immunity in motor vehicle negligence actions; Capers v. Lee, 239 Conn. 265, 273, 684 A.2d 696 (1996); and specifically consented to suits based on "negligence." The legislature's use of the term "negligence" in § 52-556 manifests the obvious intention of the legislature to consent to suit against the state based on the breach of a common-law duty of care in the operation of state owned and insured vehicles by state employees and officials.
 Babes v. Bennett, 247 Conn. 256, 263 (1998).
The Plaintiff asserts that the facts as plead are sufficient to allege a waiver of sovereign immunity pursuant to the provisions of § 52-556
C.G.S., while the Defendant asserts that the allegations in the Complaint are insufficient to allege such a waiver.
 . . . "[W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) Id., 262. Thus, before bringing suit under a statutory waiver of sovereign immunity, "[a] plaintiff must prove . . . CT Page 15395 that there is a precise fit between the narrowly drawn reach of the relevant statute . . . and the contractual language upon which the plaintiff depends." (Internal quotation marks omitted.) DeFonce Construction Corp. v. State, 198 Conn. 185, 188, 501 A.2d 745 (1985).
 Department of Public Works v. ECAP Construction Co., 250 Conn. 553, 558
(1999).
The Court acknowledges that in considering a Motion to Dismiss for lack of subject matter jurisdiction, the allegations in the Complaint must be viewed in their most favorable light.
 "[T]he doctrine of [statutory] immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss . . . When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light . . ."
 Martin v. Brady, 261 Conn. 372, 376 (2002).
However, the Plaintiff in the instant action does not allege that the Defendant violated any provision of Title 14 of the Connecticut General States. Nor does he allege that there was any contact between the vehicle being driven by Foisie and the dirt bike being driven by the Plaintiff. Furthermore, the Plaintiff does not allege that his injuries were caused by a "no physical contact" situation such as Foisie operated the State's vehicle in such a manner that the Plaintiff was required to take action to avoid being hit by it, or that the proximity of the vehicle being driven by Foisie forced the Plaintiff to drive into Mr. Galemba forced Mr. Galemba to drive into the Plaintiff. Although the Plaintiff asserts that he has sufficiently plead a common law cause of action, a thorough review of the Complaint does reveal any common law motor vehicular negligence allegations.
While the decision to engage an individual in a high speed pursuit, and to continue said pursuit while driving a vehicle owned and insured by the State of Connecticut may constitute an act of negligence, without further allegations there is a disconnect or incongruity between said negligent act and the act of operating the vehicle. The actions alleged by the Plaintiff are insufficient to allege the negligent operation of a State owned and insured motor vehicle. Thus they are insufficient to allege a CT Page 15396 waiver of sovereign immunity pursuant to the provisions of Section 52-556
of the Connecticut General Statutes.[3]
Courts are bound by the allegations made within the four corners of a Plaintiff's Complaint:
 Because we are bound by the four corners of the plaintiff's complaint, we must examine the specific language to determine the particular causes of action alleged.
 Sampiere v. Zaretsky, 26 Conn. App. 490, 494 (1992).
 It is a common rule of pleading that "[t]he allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties." (internal citations omitted)
 New Haven v. Mason, 17 Conn. App. 92, 94 (1988).
The Plaintiff appears to argue for an extension of § 52-556 to cover situations concerning negligent pursuit cases. However as previously was stated herein "statutes in derogation of sovereign immunity should be construed strictly in favor of the state, so that sovereignty may be upheld and not narrowed or destroyed." See Department of PublicWorks v. ECAP Construction Co. at 188, Supra. To extend § 52-556 to include actions of negligent pursuit without sufficient allegations of negligent operation of a motor vehicle would be too impermissibly narrow the state's sovereign immunity.
Even when viewing the allegations in their best light the Plaintiff has failed to sufficiently allege facts that bring him within "a precise fit between the narrowly drawn reach" of the provisions of § 52-556 of the Connecticut General Statutes. See Department of Public Works v. ECAP
Id.
For the foregoing reasons the Motion to Dismiss is granted. A judgment of dismissal for lack of subject matter jurisdiction shall enter.
Richard A. Robinson, J December 10, 2002