[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR COLLATERAL SOURCE DEDUCTION
The instant action has its origin in an automobile accident. The limit of coverage of $20,000 on the tortfeasor's car was paid to the plaintiff who thereafter asserted a claim for benefits under the underinsured motorist coverage of the policy issue to him by the defendant Allstate Insurance Company.
Liability for the accident was not contested and the trial proceeded as a hearing in damages.
The jury returned a verdict in favor of the plaintiff in the total amount of $26,914.21 consisting of $11,914.21 in economic damages and $15,000 in non-economic damages. Included in the economic damages were charges of the Milford Hospital and Diagnostic Imagining in the amounts of $2,710.21 and $759.00 respectively which were "forgiven or written off" by said health care providers because they failed to properly process same under the plaintiff's health care plan.
The defendant now seeks to have the economic damages reduced by said sum of $3,469.91 on the theory that it represents a collateral source.
The issue for decision by the court is whether a writing off or forgiveness of charges by a health care provider constitute a collateral source within the provision of § 52-225b C.G.S. The statutory definition of collateral sources relates to payments for health care made to the claimant or on his behalf under an insurance program or any contract or agreement by any groups or organization to pay for medical or health care services.
By statutory definition collateral sources do not include the forgiveness or writing off of charges for medical care by their providers. CT Page 3943
In determining the meaning of a statute its language is an important factor to be considered. Giondin v. Choi, 262 Conn. 637, 649, 650.
The statute is clear and unambiguous. Where the language of a statute is clear, the court may not look elsewhere. The court may not import words or meaning to the statute that are not contained therein. Brennanv. Fairfield, 58 Conn. App. 191, 202.
Support for the court's decision herein is found in Hecht v.Staskiewicz, 2002 Ct. Sup. 2205 (No. CV 99 0423243 S, Arnold, J.); Sackman v. Sullivan, 33 Conn.L.Rptr. 172.
Motion denied.
 John C. Flanagan Judge Trial Referee
CT Page 3944